UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,
by its Trustees SAL ALLADEEN and
DANIEL C. AUSTIN,

                                                      17 Civ.

                 Plaintiff,

       -against-                                  COMPLAINT

MARUTI FLEET & MANAGEMENT, LLC
d/b/a MARUTI TRANSIT GROUP,

                 Defendant.
------------------------------------------------------------X

       Plaintiff, U.S.W.U. LOCAL 74 WELFARE FUND, by its Trustees, SAL ALLADEEN and DANIEL C. AUSTIN, by its attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant MARUTI FLEET & MANAGEMENT, LLC, d/b/a MARUTI TRANSIT GROUP, allege the following:

## NATURE OF ACTION

1.     This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, et seq., and the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel defendant to make benefit fund contributions on behalf of its employees in accordance with the applicable law, trust agreements, and the collective bargaining agreement.

## JURISDICTION

2.     Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132 (a)(3), (e), and (f).

## VENUE

3. Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the employee benefit plans are administered in this District.

## PARTIES

4. At all times relevant herein the U.S.W.U. LOCAL 74 WELFARE FUND (hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Daniel C. Austin are Trustees of the WELFARE FUND and appear in their representative capacities.

5. At all times relevant herein, the WELFARE FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. Upon information and belief, defendant MARUTI FLEET & MANAGEMENT, LLC d/b/a MARUTI TRANSIT GROUP ("MARUTI") was a limited liability corporation with offices located at 4533 Highway Avenue, Jacksonville, Florida 32254.

7. At all relevant times herein, MARUTI was an employer in an industry affecting commerce within the meaning of ERISA §§ (3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

8. At all relevant times herein, there were in force and effect collective bargaining agreements, including extensions thereof, by and between Local 74, United Service Workers Union, International Union of Journeymen and Allied Trades ("Local 74"), and MARUTI.

9. At all relevant times herein, said collective bargaining agreements and extensions thereof established terms and conditions of employment of Local 74 bargaining unit workers, including that MARUTI was required to make contributions to the WELFARE FUND for its covered employees.

10. At all relevant times herein there were in force documents, including but not limited to a Declaration of Trust of the WELFARE FUND and a Delinquent Contribution Collection Policy, with which defendant was required to comply.

11. At all relevant times herein there were Trustee resolutions of the WELFARE FUND in force and effect with which defendant was required to comply by virtue of the Declaration of Trust of the WELFARE FUND, among other documents and applicable law.

## COUNT I

12. Plaintiffs repeat the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

13. Despite due demand therefor, MARUTI has failed and/or refused to make all required contributions to the WELFARE FUND for covered employees for various months, including but not limited to September through December 2016, in the principal sum of $16,368.00.

14. MARUTI's failure and/or refusal to make such required contributions to the WELFARE FUND is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA §515, 29 U.S.C. § 1145.

15. Upon information and belief, unless ordered by this Court, defendant will continue to fail and refuse to remit proper and full monthly contributions, such that the principal sum due and owing will increase monthly.

16.     Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury unless defendant is ordered to specifically perform all its required obligations, and is restrained from continuing to refuse to so perform.

WHEREFORE, plaintiff demands judgment against MARUTI as follows:

(a)     Awarding judgment in the principal amount of contributions due and owing to the WELFARE FUND, in the sum of $16,368.00, exclusive of interest;

(b)     Granting plaintiff reasonable attorneys' fees, costs and expenses of this action, interest on principal from date due until paid at the rate of 10% per year, and liquidated damages calculated at the rate of twice the amount of interest, as provided for and required pursuant to §502(g)(2) of ERISA, 29 U.S.C. §1132(g) and Welfare Fund rules and policies;

(c)     Ordering defendant to make timely contributions in the future; and

(d)     Such other and different relief as this Court deems just and proper.

Dated:   New York, New York
         January 10, 2017

                                Yours, etc.,

                                O'DWYER & BERNSTIEN, LLP

                        By:     _____
                                GARY SILVERMAN (GS9287)
                                ZACHARY HARKIN (ZH0620)
                                Attorneys for Plaintiff
                                52 Duane Street, 5th Floor
                                New York, New York 10007
                                (212) 571-7100